UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TYRONE SHAW,                          )
                                      )
  Plaintiff,                         )
                                      )
                                      )
v.                                    )
                                      )
CORECIVIC OF TENNESSEE, LLC;          )
ALEXIE PRUITT,                        )
                                      )    Case No.: 3:24-CV-00681
  Defendants.                        )
                                      )
                                      )
                                      )
                                      )
                                      )

<u>MEMORANDUM AND ORDER</u>

      Defendants CoreCivic of Tennessee, LLC and Alexie Pruitt moved to transfer this case to the United States District Court for the Western District of Tennessee, Eastern Division. Doc. 12. Plaintiff Tyrone Shaw filed his response opposing transfer, Doc. 17, and defendants filed their reply, Doc. 19. For the reasons stated in this order, the court grants defendants' motion to transfer venue and transfers this case to the Western District of Tennessee, Eastern Division.

<u>I. BACKGROUND</u>

      On September 7, 2021, Tyrone Shaw, an inmate at the CoreCivic-operated Whiteville Corrections Facility ("WCF"), suffered an injury to one of his fingers after a WCF correctional officer, Alexie Pruitt, allegedly slammed a cell door on Shaw's hand. Doc. 1, at 1. Shaw alleges that another WCF inmate, Richard Carluccio, witnessed the incident and can attest that Officer Pruitt injured Shaw intentionally. *Id.* at 6. After the incident, Shaw was transported to Regional

One Hospital in Memphis, Tennessee, where Shaw's finger was partially amputated. *Id.* at 1, 6. Shaw subsequently sued Officer Pruitt and CoreCivic for the following claims: (1) a negligence claim against Pruitt, (2) a negligence claim against CoreCivic based on vicarious liability, (3) an Eighth and Fourteenth Amendment claim under 42 U.S.C. § 1983 for cruel and unusual punishment against Pruitt, (4) a battery claim against Pruitt, and (5) an assault claim against Pruitt. *Id.* at 7–13. Defendants Officer Pruitt and CoreCivic now move to transfer this case to the United States District Court for the Western District of Tennessee, Eastern Division. Doc. 12.

## II. LEGAL STANDARDS

Defendants seek transfer of this case pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). An action may be brought in any district "in which any defendant resides, if all defendants are residents of the State in which the district is located" or any district in which "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). "Even in cases where venue is proper, a court may entertain a motion to transfer if there exists a better forum for the resolution of the dispute between the parties." *Ozark Ent., Inc. v. Wilson*, No. 3:09-0195, 2009 WL 4884445, at *1 (M.D. Tenn. Dec. 10, 2009). Under 28 U.S.C. § 1404(a), a district court "has broad discretion to grant or deny a motion to transfer [a] case." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (alteration in original) (citation omitted).

In reviewing a motion to transfer, the court balances the private interests of the parties and public interests. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988). Private interests of the parties include: (1) the plaintiff's choice of forum, (2) convenience of the witnesses, (3) the residence of the parties; (4) the location of sources of proof; (5) the location of the events that gave

rise to the dispute, and (6) systemic integrity and fairness. *Sacklow v. Saks Inc.*, 377 F. Supp. 3d 870, 877 (M.D. Tenn. 2019). Public interests include: (1) the administrative difficulties flowing from court congestion, (2) the local interest in having localized controversies decided at home, and (3) the interest in having the trial of a diversity case in a forum that is at home with the law. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62, n.6 (2013). The defendant bears the substantial burden of showing that transfer is warranted. *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 498 (6th Cir. 2016). A transfer is disfavored where it merely shifts the burden of litigating in an inconvenient forum from one party to the other. *Sacklow*, 377 F. Supp. 3d at 879.

### III. DISCUSSION

Under 28 U.S.C. § 1404(a), the court must first determine whether this case "might have been brought" in the Middle District of Tennessee. Both defendants, CoreCivic and Officer Pruitt, are residents of the State of Tennessee. Doc. 1, at 2. Because both defendants are residents of the same state, the case can be brought in a judicial district in which either defendant resides. *See* 28 U.S.C. § 1391(b).

As an entity named as a defendant, CoreCivic is deemed to "reside" "in any judicial district "within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d). Because CoreCivic's principal place of business is in Brentwood, Williamson County, Tennessee, where it is subject to general personal jurisdiction, CoreCivic resides in the Middle District of Tennessee. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Accordingly, the court finds that this case was properly brought in the Middle District

of Tennessee and that transfer is not mandatory.[1] *See* 28 U.S.C. § 1406(a). The court turns next to whether the public and private factors warrant a discretionary transfer.

After reviewing both private and public factors, the court concludes that defendants, on balance, have met their burden of showing that transfer is warranted. This court begins with discussing private factors and concludes with public factors.

A. Private Interests

    1. Plaintiff's Choice of Forum and Location of the Events Giving Rise to the Dispute

A plaintiff's choice of forum is generally entitled to substantial weight. *Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954, 962 (M.D. Tenn. 2008). But plaintiff's choice of venue is entitled to less deference where the operative facts—the location of the events that gave rise to the dispute— occurred elsewhere. *Tennessee v. Gibbons*, No. 3:16-CV-00718, 2017 WL 4535947, at *3 (M.D. Tenn. Oct. 10, 2017) (collecting cases); *McFadden v. Swift*, No. 3:22-CV-0970, 2023 WL 2229251, at *4 (M.D. Tenn. Feb. 24, 2023), *report and recommendation adopted*, No. 3:22-CV-00970, 2023 WL 2574023 (M.D. Tenn. Mar. 20, 2023) (transferring case from the Middle District of Tennessee, in part, because no operative events were alleged to have occurred there). In *Tardy v. CoreCivic of Tennessee, LLC*, the court held that, because most of the allegations were related to an attack against an inmate occurring in a detention facility located in the Western District of Tennessee, transfer from the Middle District of Tennessee to the Western District of Tennessee was appropriate. No. 3:22-CV-00681, 2023 WL 6276724, at *3 (M.D. Tenn. Sept. 26, 2023). The same reasoning applies here with equal force.

In this case, none of the operative facts giving rise to Shaw's cause of action occurred in the Middle District of Tennessee. Instead, the operative events occurred in the Western District

---

[1] Neither plaintiff nor defendants dispute that venue is proper in the Middle District of Tennessee.

of Tennessee: (1) Shaw suffered his injury at WCF in Hardeman County, which is located in the Western District of Tennessee, Eastern Division, (2) Officer Pruitt is alleged to have slammed the cell door against Shaw at WCF, (3) Officer Pruitt called for medical assistance at WCF, (4) Shaw was transported from WCF to a Memphis hospital, and (5) Shaw's finger was partially amputated in the same Memphis hospital. Doc. 1, at 2, 6; Doc. 13-1, at 1; *see* Doc. 18, at 3–4. Because the operative facts at issue in this case occurred outside of the Middle District of Tennessee, the court gives Shaw's choice of forum diminished weight. *Ozark Ent., Inc. v. Wilson*, No. 3:09-0195, 2009 WL 4884445, at *2 (M.D. Tenn. Dec. 10, 2009) (holding that plaintiffs' choice should be given diminished weight where "[t]he cause of action did not arise in [the] District").

A plaintiff's choice of forum is also given diminished weight when plaintiff does not reside in his chosen forum. *Id.* at *2. As plaintiff, Shaw does not reside in the Middle District of Tennessee and remains incarcerated at WCF. Doc. 1, at 2; Doc. 13-1, at 1. Therefore, because Shaw does not reside in the Middle District of Tennessee, the court concludes that Shaw's choice of forum in the Middle District of Tennessee carries further diminished weight.

"A fundamental principle guiding the Court's analysis of a motion to transfer is that litigation should proceed in that place where the case finds its center of gravity." *Oakley v. Remy Int'l, Inc.*, No. 2:09-0107, 2010 WL 503125, at *5 (M.D. Tenn. Feb. 5, 2010) (citation omitted). The center of Shaw's personal injury suit lies squarely in the events that occurred immediately before and after his finger was severed at WCF. Because this case's "center of gravity" is in the Western District of Tennessee, this factor weighs strongly in favor of transfer.

2. Convenience of the Witnesses

Shaw also argues that the Middle District of Tennessee is the more convenient forum because defendant CoreCivic, who operates WCF, is headquartered in the Middle District of

Tennessee. Doc. 17, at 8. Shaw's argument overlooks the fact that all remaining parties reside in the Western District of Tennessee: (1) Shaw remains incarcerated at WCF in the Western District of Tennessee, and (2) Officer Pruitt continues to work at WCF and currently resides in Shelby County, located in the Western District of Tennessee.[2] Doc. 13-1, at 1. Because most of the parties reside in the Western District of Tennessee, convenience among the parties favors transfer.

Shaw nevertheless insists that his residence in the Western District of Tennessee is immaterial. He argues that he is subject to the control and custody of the Tennessee Department of Correction ("TDOC") and, therefore, the TDOC could potentially transfer him to the Middle District of Tennessee. Doc. 17, at 8–9. In essence, Shaw argues that, as a witness, his current incarceration at WCF in the Western District of Tennessee is of little significance because the TDOC *may* transfer him to a different facility at any given time. *See id.* This argument is unavailing. First, merely alleging the possibility of relocation "is simply too speculative" for purposes of considering a pending motion to transfer. *Cf. Banerjee v. Univ. of Tennessee*, No. 3:17-CV-00004, 2017 WL 11482340, at *2 (M.D. Tenn. Nov. 30, 2017) (granting defendant's motion to transfer and rejecting plaintiff's allegation that she may relocate from transferee district at some undefined point in the future). Second, Shaw does not otherwise state how any hypothetical transfer by TDOC would result in a transfer to a facility located in the Middle District of Tennessee. Thus, Shaw's argument is unpersuasive.

---

[2] Shaw argues that Officer Pruitt's residence in the Western District of Tennessee does not favor transfer because CoreCivic would simply indemnify Officer Pruitt for any costs related to travelling to the Middle District of Tennessee. Doc 17, at 8. But, in *Tardy*, the court rejected a similar argument as unsupported in law. 2023 WL 6276724, at *2 (rejecting plaintiff's argument that "[b]ecause Defendant is a corporate entity, they should willingly bear the cost of litigation associated with securing the presence of party and non-party witnesses in Plaintiff's desired forum"). For the same reason, Shaw's argument in this case is also unsupported as a matter of law.

Moreover, CoreCivic's being headquartered in the Middle District of Tennessee is hardly dispositive. *See, e.g., B.E. Tech., LLC v. Facebook, Inc.*, 957 F. Supp. 2d 926, 932 (W.D. Tenn. 2013) (noting that the convenience of corporate employees "will not ordinarily be considered, or at least, that the convenience of such employees will not generally be given the same consideration as is given to other witnesses"). This is because one of the most important factors in the transfer analysis is the "[c]onvenience of *non-party witnesses*, as opposed to parties or employee witnesses." *Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954, 963 (M.D. Tenn. 2008) (emphasis added). Indeed, courts have made clear that "it is the convenience of *non-party witnesses*, rather than employee witnesses . . . that is the more important factor and is accorded greater weight." *Teamsters Loc. 237 Welfare Fund v. ServiceMaster Glob. Holdings, Inc.*, No. 3:20-CV-00457, 2020 WL 4368283, at *3 (M.D. Tenn. July 30, 2020) (emphasis added) (citation omitted). This difference is grounded in the understanding that "it is generally presumed that party witnesses will appear voluntarily in either jurisdiction, but non-party witnesses, with no vested stake in the litigation, may not." *Azarm v. $1.00 Stores Servs., Inc.*, No. 3:08-1220, 2009 WL 1588668, at *4 (M.D. Tenn. June 5, 2009).

As defendants indicate, they will seek, as non-party witnesses, many of the inmates incarcerated at WCF. Doc. 13, at 6. Accordingly, the court will accord significant weight to the location of these non-party inmates currently located in WCF.[3] The court concludes that the convenience of both party and non-party witnesses favors transfer to the Western District of Tennessee.

---

[3] Shaw avers that any inconvenience related to securing the testimony of CoreCivic's employee witnesses would be "minimized and marginal" because he is willing to accommodate remote depositions. Doc. 17, at 9. Therefore, any alleged inconvenience to CoreCivic, as a result of transfer, would be slight and would not merely shift the burden of litigating from one party to the other. *See Sacklow*, 377 F. Supp. 3d at 879.

3.  Location of Sources of Proof

Courts often do not give the location of documents substantial weight, since "records can be shipped . . . for trial with minor inconvenience and cost." *Winnett v. Caterpillar Inc.*, No. 3:06-CV-00235, 2006 WL 1722434, at *6 (M.D. Tenn. June 20, 2006) (citation omitted). Shaw concedes that the weight of this factor is relatively minimal given modern advancements in electronic document production. Doc. 17, at 10; *see also West v. Wilco Life Ins. Co.*, No. 3:20-CV-00464, 2020 WL 6585877, at *4 (M.D. Tenn. Nov. 10, 2020) (stating that the "physical location of documentary evidence is of lesser importance in modern litigation, the same is not true of non-party witnesses"). But even so, the documents relevant to Shaw's injury "are all maintained on-site at WCF," including "prison logs, policies and procedures, witness statements, and [Officer Pruitt's] personnel file." Doc. 13-1, at 1. Therefore, the court concludes that the location of sources of proof weighs slightly in favor of transfer.

B.  Public Interests

Both parties' public interest arguments largely reiterate their arguments in support of the other factors. The court has already concluded that the location of the events giving rise to the dispute, the convenience of both party and non-party witnesses, and the location of sources of proof favor transfer. The court concludes that the local interest factor weighs in favor of transfer as well.

1.  Local Interest

The local interest factor is based on the principle that local controversies should be decided at home. *Hefferan*, 828 F.3d at 500. The local interest considerations focus on (1) the parties' connections to the local forum, and (2) the location of the injury. *Id.* First, two of the three parties—Shaw and Officer Pruitt—reside, and continue to reside, in the Western District of

Tennessee. Doc. 13-1, at 1. Furthermore, Officer Pruitt was employed at WCF when the Shaw's injury occurred and continues to be employed at WCF during the pendency of this case. *Id.*; Doc. 1, at 2–3. Therefore, most of the parties have a stronger local connection with the Western District of Tennessee than they do with the Middle District of Tennessee. Second, Shaw's injury—the basis for his suit—occurred at WCF, which is located in the Western District of Tennessee. Therefore, there is a strong interest in resolving this case locally in the Western District of Tennessee. *In re Aredia & Zometa Prods. Liab. Litig.*, No. 3:06-MD-1760, 2008 WL 686213, at *3 (M.D. Tenn. Mar. 6, 2008) (granting motion to transfer to district in which plaintiff's injury occurred). The Western District of Tennessee's stronger local interest in this case favors transfer.

## IV. CONCLUSION

For the foregoing reasons, the court concludes that the cumulative balance of the private and public factors weighs strongly in favor of transfer. Defendants' motion to transfer is granted. This court transfers this case to the United States District Court for the Western District of Tennessee, Eastern Division.[4] It is so ordered.

*Julia S. Gibbons*
JULIA S. GIBBONS
Senior United States Circuit Judge
(sitting by designation)

---

[4] The transfer of the case to the Western District of Tennessee will not necessitate assignment to a different judge. The undersigned judge has been designated to sit in the United States District Court for the Western District of Tennessee on an annual basis since her move to the Sixth Circuit Court of Appeals from that district court in 2002.